IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CYNTHIA CHAPEL, individually and on behalf of others similarly situated,** <br> **Plaintiff** <br><br> v. <br><br> **APPLE INC.,** <br> **Defendant** | ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) |

## CLASS ACTION COMPLAINT

Plaintiff Cynthia Chapel ("Plaintiff") on behalf of herself and all others similarly situated, brings this action against Apple Inc. ("Apple") based upon personal knowledge of the facts pertaining to herself, and on information and belief as to all other matters, and hereby alleges:

1. This is a consumer protection action seeking injunctive relief and damages arising from Defendant's unlawful failure to inform consumers that updating their iPhone 6, 6S, SE or 7 (the "Legacy Devices") to iOS 10.2.1 (and/or later to iOS 11.2) would dramatically and artificially reduce the performance of the Legacy Devices. Apple also failed to inform consumers that phone performance would be restored – by as much as 70 percent – if affected individuals simply replaced the phone's lithium-ion battery. Replacing the battery at an Apple store costs less than $100. The cost of the new iPhone X is over $1,000.

2. In the modern digital age, batteries "wear" over time. The lithium-ion battery used by Apple slowly diminishes its ability to hold a charge with time and use. However, normal lithium-ion battery wear does not reduce performance; a weakening battery has no effect on performance unless there is software that links the two. And that is precisely what Apple did here.

3. In rolling out Ios 10.2.1, Apple claimed to "fix bugs and improve[] the security of [the]

Page 1 of 11

iPhone or iPad" and "improve[] power management during peak workloads to avoid unexpected shutdowns on the iPhone."[1] What Apple purposefully failed to disclose, however, was that the update would act as a latent time-bomb that slowly eroded the phone's performance to the frustration of the user – the software update throttled the handset's performance.

4. The effect of Apple's actions was to (a) purposefully reduce device performance with time, and (b) deprive consumers of material information concerning the cause of the decline in performance of the Legacy Devices.

5. Plaintiff and the Class she seeks to represent in this lawsuit are consumers who purchased the Legacy Devices and installed the relevant upgrade operating system software. This lawsuit is brought to challenge Apple's unfair business practices under the Missouri Merchandising Practices Act, for breach of implied covenant of good faith and fair dealing, and for trespass to chattels. Plaintiff requests that the Court find Apple's business practices constitute unfair competition and enjoin Apple from engaging in similar conduct in the future. Plaintiff further requests that the Court order Defendant to provide restitution to the Class of all money that may have been acquired by means of their unfair practice, and to pay attorney's fees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d) because the aggregated claims of the individual class members exceed $5 million and more than two-third of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

7. This Court has personal jurisdiction over Defendant Apple, Inc. because Apple has

---

[1] Dowload iOS 10.0 – iOS 10.3.3 Information, Apple Inc., https://support.apple.com/kb/DL1893?locale=en_US

sufficient minimum contacts with Missouri and intentionally avails itself of the markets within Missouri through the promotion, sale, marketing, and distribution of its products.

8. Venue is proper in the Central Division of the Western District because a substantial portion of the events complained of herein regarding Plaintiff Cynthia Chapel occurred in Cole County, Missouri.

## THE PARTIES

9. Plaintiff Cynthia Chapel is a resident of Cole County, Missouri and purchased an iPhone 6 which she later upgraded to iOS 10.2.1 and has since suffered material and increasing degradation in the performance of the iPhone.

10. Defendant Apple, Inc. is a California corporation headquarted at 1 Infinite Loop, Cupertino, California. Apple designs, manufactures, and sells a wide range of producing, including mobile devices such as the iPhone, throughout the world.

## FACTUAL ALLEGATIONS

11. Plaintiff and Class Members are Apple iPhone users. Many Class Members are not new to the iPhone franchise, but are loyal followers of Apple, having purchased various iterations of the mobile device.

12. On January 23, 2017, Apple released iOS 10.2.1. The updated specifically addressed aging batteries, and expressly represented that the purpose was to prolong the useful life of the Device. Apple promised to "deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."[2]

13. For example, the update specifically sought to prevent the handset from shutting down

---

[2] Jason Koebler, *Apple Throttles iPhones that Have Old Batteries (But Didn't Tell You About It)*, Motherboard (Dec. 20, 2017), https://motherboard.vice.com/en_us/article/3k5bdw/apple-throttles-iphones-bad-batteries?utm_source=vicefbus

if a performance spike drew too much power – i.e., turning off unexpectedly as if the phone was dead while the phone's battery still had a charge. While the battery issue was a reported problem at the time,[3] the iOS update did far more than address shutdowns on those few phones that experienced shutdowns. It also surreptitiously and purposefully throttled the performance speed on the iPhone 6, 6S, and SE's by as much as 70 percent.

14. The iOS update did not even fully address the purported battery "shutdown" issue on all devices: 20 percent of iPhone 6s and 30 percent of iPhone 6 devices that previously experienced unexpected shutdown issues continued to experience those issues, according to Apple.[4]

15. Apple also informed consumers that for those who need it, a message will appear on the screen inside Settings if that phone's "battery needs service." Apple did this to "add a bit more transparency to people wondering when Apple considers the battery worn down enough to get swapped out." Apple even offered consumers tips regarding when to swap out a battery.[5]

16. However, despite all of these disclosure opportunities, Apple never informed consumers that the iOS 10.2.1 update reduced unexpected phone shutdowns by slowing the device's performance dramatically.

17. Moreover, consumers experiencing these issues were never notified by Apple (as it represented it would) that "the [device's] battery needs service."

18. Because Apple failed to inform consumers that the performance issues were artificially

---

[3] A Message from Apple about iPhone and Unexpected Shutdowns, Apple, Inc. https://support.apple.com/zh-cn/HT207414

[4] Matthew Panzarino, *Apple Says iOS 10.2.1 Has Reduced Unexpected iPhone 6s Shutdown Issues by 80%*, Techcrunch (Feb. 23, 2017), https://techcrunch.com/2017/02/23/apple-says-ios-10-2-1-has-reduced-unexpected-iphone-6s-shutdown-issues-by-80/

[5] Maximizing Battery Life and Lifespan, Apple Inc., https://www.apple.com/batteries/maximizing-performance

caused by the iOS update in conjunction with an older (but still perfectly functional) battery, consumers were denied the opportunity to make an informed decision regarding whether to upgrade their device or instead simply replace the battery.

19. Apple's failure to disclose the impact of the iOS update 10.2.1 (and the later iOS 11.1) and remedy the issues it produced (and purported to resolve) constitutes an unfair trade practice and breach of the covenant of good faith and fair dealing implied in Apple's contracts with Plaintiff and the class. Plaintiff and the class were harmed as a direct and proximate result of Apple's actions.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and others similarly situated, as members of a two classes she proposes be defined as:

> **United States Class** – All consumers who purchased an Apple iPhone 6, 6S, SE or 7 models and upgraded to iOS 10.2.1 or a later version prior to the date of this Complaint, and who purchased said iPhone within the United States.
>
> **Missouri Class** – All consumers who purchased an Apple iPhone 6, 6S, SE or 7 models and upgraded to iOS 10.2.1 or a later version prior to the date of this Complaint, and who purchased said iPhone or made the upgrade in the state of Missouri.

Excluded from these classes are Defendant; any entity in which Defendant has or had a controlling interest; any of the Defendant's officers, directors, legal representatives, heirs, successors, and assigns, Plaintiff's counsel and anyone employed by Plaintiff's counsel; any Judge assigned to this action and his or her immediate family; and anyone who timely requests exclusion from the class.

21. This action may be maintained on behalf of the classes proposed above under Rule 23 of the Federal Rules of Civil Procedure.

22. <u>Numerosity</u> – Upon information and belief, the proposed classes each consist of tens of

thousands, if not tens of millions of people, and individual joinder of all said iPhone purchasers and iOS updaters would be impractical.

23. <u>Commonality and Predominance</u> – Common questions of law and fact exist as to members of the classes and predominate over questions affecting only individual class members. These common questions include:

    a. Whether and the extent to which iOS 10.2.1 affected device performance;

    b. Whether Apple purposefully designed iOS 10.2.1 to affect device performance or otherwise did so knowingly;

    c. Whether and to what extent Apple disclosed the effect of iOS 10.2.1 on device performance;

    d. Whether the aspects of iOS 10.2.1 affecting device performance extended to iOS 11.2; and

    e. Whether Apple notified customers that the artificial reduction in device performance could be remedied by simply replacing the battery.

24. <u>Typicality</u> – Plaintiff is a member of the proposed classes and her claim is typical of the claims of the other members of the classes. Plaintiff and class members purchase Apple Legacy Devices and upgraded to iOS 10.2.1 or a later version during 2017.

25. <u>Adequacy</u> – Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

26. <u>Superiority</u> – The class action device is superior to other available means for the fair and

efficient adjudication of the claims of Plaintiff and the class members. The relief sought per individual member of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation brought about by Defendant's conduct. Furthermore, it would be virtually impossible for Class members to seek redress on an individual basis. Even if the Class members themselves could afford such individual litigation, the court system could not. Individual litigation of the legal and factual issues raised by the conduct of Defendant would increase delay and expense to all parties and to the court system. The Class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the Class members' claims and the absence of material differences in the common laws upon which the Class members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

## COUNT I
## VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
### On behalf of the Missouri Class

27. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

28. The Missouri Merchandising Practices Act ("the Act") provides that, "[t]he act use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise ... is declared to be an unlawful practice." § 407.020.1, RSMo.

29. The enabling regulations for the Act define an "unfair practice" as conduct that (1)

offends public policy; (2) is unethical, oppressive, and unscrupulous; (3) causes a risk of substantial injury to consumers; (4) was not in good faith; (5) is unconscionable; or (6) is ulawful. 15 Mo. C.S.R. § 60-8.

30. Under the Act, "merchandise" is defined broadly to include "any objects ... or services." § 407.020.4, RSMo.

31. The Act authorizes private causes of action, and class actions. § 407.025.1-2, RSMo.

32. Plaintiff purchased Apple's iPhone for personal, family, or household purposes.

33. Defendant has engaged and continues to engage in an unfair business practice by including code in iOS 10 (and now iOS 11) designed in part to materially diminish performance speed of Apple Legacy Devices, and by purposefully failing to disclose that performance could be restored by simply changing the battery – at a cost substantially less than paying more than $1,000 for a new device.

34. Defendant's business practices are unscrupulous, unethical, and substantially injurious to consumers.

35. As a result of Defendant violating the Act, Plaintiff and other sustained an ascertainable loss of money when they overpaid for Defendant's products and lost value as a result of the reduced performance of her Legacy Device. Plaintiff purchased her iPhone and upgraded to iOS 10.2.1, causing her device performance to be artificially throttled. Defendant failed to inform her that its own software was the cause, and did not inform her that a simple change of battery could restore performance.

36. Defendant's violations of the Act were willful and knowing.

37. Plaintiff and members of the Missouri class seek actual damages; a declaration that

Apple's methods, acts, and practices violate the Missouri Merchandising Practices Act; injunctive relief prohibiting Defendant form engaging in the same or similar conduct restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre- and post-judgment interest; punitive damages, and attorneys' fees and costs.

## COUNT II
## TRESPASS TO CHATTELS
### On behalf of the United States Class

38. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

39. The common law of its sister states prohibits intentional and unauthorized conduct without justification by one person which interferes with the use of personal property in the possession of another person.

40. Defendant impaired the condition, quality and usefulness of Plaintiff's iPhone without her knowledge or consent. Such acts constituted an intentional interference with the use and enjoyment of hers and the class members devices.

41. Defendant acted intentionally in that it knew that Plaintiff and Class Members were downloading computer software to their Legacy Devices that reduced their performance. Plaintiff and the other Class Members only consented to the installation of software that would improve performance, not diminish performance.

42. Defendant engaged in deception to gain access to the Legacy Devices and install the new computer software.

43. Plaintiff and other Class Members suffered actual damage as a result of Defendant's actions and seek actual damages, nominal damages for breach of their property rights, and punitive damages.

## COUNT III
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### On behalf of the United States Class

44. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

45. Every contract or agreement carries includes an implied promise of good faith and fair dealing.

46. In dealings between Defendant and its customers, Defendant has power affecting the rights of its customers.

47. Defendant entered into a contract with Plaintiff and the Class members at the time of their purchase of each Legacy Device, and at the time of the download of iOS 10.2.1 and later iOS versions.

48. Defendant contractually promised in the iOS 10.2.1 update and later updates to "deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."

49. Plaintiff did all, or substantially all, of the things that the contracts required her to do.

50. Despite its contractual promises to prolong the life of the devices, Defendant instead purposefully took actions to reduce the life of the devices, and purposefully failed to notify customers that replacing the battery would restore performance that had been artificially throttled by iOS 10.2.1 and later updates to iOS.

51. Defendant's actions were objectively unreasonable given its promises.

52. Defendant's conduct evaded the spirit of the bargain made with Plaintiff and the Class.

53. As a result of Defendant's misconduct and breach of the duty of good faith and fair dealing, Plaintiff and the Class suffered damages. Plaintiff and the Class Members did not receive the benefit of the bargain for which they contracted and paid valuable consideration.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment and orders in favor of her and the Missouri and United States class and against Defendant as follows:

A. An order certifying the proposed classes, or an alternative class that the Court may find appropriate under Rule 23, directing that Plaintiff's claims proceed on a class-wide basis, and appointing Plaintiff and her counsel to represent the Class;

B. An order and/or judgment enjoining Defendant from engaging in similar conduct in the future that throttles device performance;

C. An order and/or judgment requiring Defendant to transparently notify customers when device performance can be restored by the installation of a new battery;

D. An order and/or judgment requiring Defendant to make restitution to Plaintiff and the Class of money that was acquired by means of its unfair practices;

E. An order and/or judgment requiring Defendant to pay punitive damages in an amount to be determined by a jury;

F. An order granting reasonable attorney's fees and costs; as well as pre- and post- judgment interest; and

G. Such other and further relief as the Court deems appropriate.

Dated: January 5, 2018

Respectfully submitted,
**BARNES & ASSOCIATES**

By: _____
Jason 'Jay' Barnes    Mo Bar #57583
jaybarnes5@zoho.com
219 E. Dunklin Street, Suite A
Jefferson City, MO 65101
Ph: 573.634.8884
Fax: 573.635.6291
Attorney for Plaintiff and the Putative Classes